# Thomas Wyatt, plaintiff in error, *vs* John Bailey, defendant in error.

## *Error to Desmoines.*

Where a payment is to be made in something besides money, the institution of a suit, (which is a legal demand for *money only,*) is premature unless preceded by a demand for the payment provided for by the contract. And until such demand be first shown, the defendant is not bound to prove any thing in defence.

This was an action of assumpsit brought by Thomas Wyatt against John Bailey. The amount claimed in the bill of particulars was $131,48, and the declaration contained a count for work and labor—one for goods sold and delivered, one for money lent and advanced, one for money had and received and one on account stated.

Plea, general issue.

The cause was tried at February term 1844, and a virdict and judgment rendered for the defendant.

The plaintiff removed the cause upon a writ of error.

GRIMES & STARR, for plaintiff in error.

RORER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—All the errors assigned in this case are founded upon the bill of exceptions which reads as follows :

" Be it remembered that on the trial of this cause, the plaintiff offered as a witness Joseph Morgan, who was duly sworn, and testified that in June 1840, he had in his possession a yoke of cattle belonging to the plaintiff in this suit, that the defendant came for the same, and told witness that he had bought them from defendant, and was to pay $60,00 to $70,00. The witness then asked how they were to be paid for, when defendant replied that they were to be paid for in their land deal. No other evidence was given by plaintiff as to sale of oxen mentioned in the bill of particulars attached to the declaration. Plaintiff's counsel asked the court to charge the jury that it devolved upon defendant to prove that the oxen had been paid for, after the proof aforesaid by plaintiff of a sale to defendant, but the court refused to charge the same, and charged that if the jury believed from the evidence, that there was

a special contract between the parties, that the oxen were to be paid for in something besides money, it devolved upon the plaintiff to show a demand of such payment before suit could be brought for the recovery of money, and that if the oxen were to be paid for in land deal, it was not incumbent upon the defendant to prove in the first instance that payment had been made in pursuance of the agreement, nor to show and explain what the precise agreement was; but if there was a special agreement couched in ambiguous terms as to the mode of payment it devolved upon the plaintiff to explain the contract and then shew the demand for performance on the defendant, and a refusal or neglect on his part before suit could be brought thereon."

Was there error in these instructions? we think not. The same witness who testified to the admissions of the purchase of the oxen, had stated as a part of the same conversation that they were to be paid for in "land deal." Had a simple sale of the oxen been shown the law would have presumed that the payment was to have been in money. In such a case the bringing of the action, would have been a sufficient demand, and it would have been incumbent on the defence to have proved payment.

But where the payment is to be made in something besides money, the institution of a suit, which as a legal demand for *money only*, is premature, unless preceded by a demand for the payment provided for by the contract. Unless such demand be first shown, the defendant is not bound to prove anything in defence.

Nor was it necessary for the defendant to have shown what the precise nature of the transaction was. The plaintiff had shown a sale for which payment was to be made in something besides cash. The presumption of law that money was to have been paid did not arise. The case would have presented a somewhat different aspect, if the plaintiff had shown a mere sale, and the defendant in defence had set up that payment was to be made in "land deal." In that case there would have been much greater reason for requiring the defendant to have proved and explained what the precise nature of the transaction was.

Objection was made in the argument, that the court below exceeded its duty by intimating that there was a special agreement. The evidence certainly showed sufficient to justify the court in putting the hypothetical case set forth in the bill of exceptions. There is nothing to show that the court instructed the jury that there was a special agreement, or that the words "land deal" conveyed the idea of a special contract as set forth in the assignment of errors. Judgment affirmed.